DICKERSON (BOSWELL v.). See Case No. 1,683.

DICKERSON (LONG v.). See Case No. 8,-480.

DICKEY (CLEMENT'S EX'RS v.). See Case No. 2,883.

DICKEY (FENNER v.). See Case No. 4,-729.

## Case No. 3,894.

DICKEY et al. v. HARMON et al.

[1 Cranch, C. C. 201.] [1]

Circuit Court, District of Columbia. Nov. Term, 1804.

BANKRUPTCY—DRAFT DRAWN BY BANKRUPT—RIGHTS OF HOLDER.

A draft drawn by a bankrupt, not payable out of any particular fund, is not such an assignment of the money in the hands of the drawee as will give the holder a right to the money before the acceptance of the draft. It is, at most. only a security. and does not entitle the holder to be relieved for more than his ratable part of his debt.

[Cited in Re Smith, Case No. 12,990.]

Bill in equity in the nature of an attachment by the assignees of bankrupts in New York, against the absent bankrupts, and R. B. Jameson. the garnishee, and certain attaching creditors, and one Sackett, who claimed, by virtue of a draft from Harmon & Davis, the bankrupts, on R. B. Jameson, the garnishee. dated. as it was alleged, before the act of bankruptcy committed. The bill alleged that the act of bankruptcy was committed by Harmon & Davis, on the 17th of August, 1802. The draft given by the bankrupts to Sackett upon Jameson, was dated on the 18th of August, 1802, and presented to Jameson for acceptance, on the 23d of August. 1802. Jameson admitted himself to be indebted to the bankrupts in the sum of $867.48. but refused to accept the draft because the money had, on the same day, been attached in his hands by Scott & Co.. creditors of the bankrupts. There were several other subsequent attachments. but the only question was, whether the complainants. the assignees of the bankrupts, or Sackett should have the money in the hands of Jameson. The commission of bankruptcy issued on the 18th of September, 1802, and the act of bankruptcy was admitted to have been committed subsequent to the attachments, and consequently subsequent to the presentation of the draft to Jameson.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Swann, for Sackett, contended that the draft was an assignment of the fund in the hands of Jameson, fairly made for valuable consideration before bankruptcy, and gave him an equitable right to receive and recover the money, and that it was not revoked by the subsequent bankruptcy. Master v. Miller, 4 Term R. 343; Row v. Dawson, 1 Ves. Sr. 331.

Mr. Simms, contra, for the assignees of the bankrupts, contended that the draft was not an assignment of the fund, and could at most amount to no more than a security, which, by the 31st section of the bankrupt law [of 1800 (2 Stat. 30)] gave the creditor no priority or preference.

THE COURT took time to consider; and at June term, 1805, were of opinion that the complainants, Dickey & Tom, assignees of the bankrupts, were entitled to the money in the hands of Jameson.

CRANCH, Chief Judge, concurred, because he considered the draft in favor of Sackett, as a security only, and not an assignment of the fund, and that by the 31st section of the bankrupt law he could not be relieved for more than a ratable part of his debt.